UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| AUTOMOTIVE FINANCE CORPORATION,  )<br>　　　Plaintiff,　　　　　　　　　　　　　)<br>　　　　　　　　　　　　　　　　　　　　　)<br>　　vs.　　　　　　　　　　　　　　　　　　 )　　1:06-cv-0623-LJM-WTL<br>　　　　　　　　　　　　　　　　　　　　　)<br>AUTO MAXX, L.L.C., DARRELL G.　　　　 )<br>HUGHES, and CHRISTOPHER A. HUGHES, )<br>　　　Defendants.　　　　　　　　　　　　 ) | |

## ORDER ON MOTION FOR SUMMARY JUDGMENT

This matter is before the Court on Plaintiff's, Automotive Finance Corporation ("AFC"), Motion for Summary Judgment pursuant to Federal Rule of Civil Procedure 56. AFC filed this action against defendants, Auto Maxx, L.L.C. ("Auto Maxx"), Darrell G. Hughes ("Hughes"), and Christopher Hughes ("Christopher") (collectively "Defendants"), alleging, among other things, breach of guaranty and liability for treble damages under Indiana's Victims of Crime Statute. The Court has fully considered parties' arguments and, for the reasons discussed below, **GRANTS in part and DENIES in part** AFC's Motion for Summary Judgment.

### I. BACKGROUND

On October 20, 2004, Auto Maxx executed a Promissory Note and Security Agreement ("Note") in favor of AFC. Compl. Ex. 1. That same day, Hughes and his son Christopher executed an Unconditional Guaranty ("Guaranty"). Compl. Ex. 3, Cohen Aff. ¶ 7. Under the Guaranty, in the event of non-payment on the Note by Auto Maxx, Hughes was liable to AFC for the entire unpaid principal balance "together with interest and all costs, expenses and attorneys' fees." Compl.

Ex. 3. According to Jack R. Cohen ("Cohen"), Vice President of Legal, Collections, and Special Operations for AFC, Auto Maxx failed to make payments under the Note, and Hughes failed to make payments under the Guaranty. Cohen Aff. ¶¶ 5, 8. Cohen also asserts that Hughes sold vehicles without tendering the proceeds to AFC as required under the Note. Cohen Aff. ¶ 10.

## II. STANDARD

Summary judgment is granted "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(c) ("Rule 56(c)"). An issue is genuine only if the evidence is such that a reasonable jury could return a verdict for the opposing party. *See Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). A disputed fact is material only if it might affect the outcome of the suit in light of the substantive law. *See id.*

The moving party has the initial burden to show the absence of genuine issues of material fact. *See Wollin v. Gondert*, 192 F.3D 616, 620 (7th Cir. 1999); *Schroeder v. Bart*, 969 F. 2d 421, 423 (7th Cir. 1992). This burden does not entail producing evidence to negate claims on which the opposing party has the burden of proof. *See Green v. Whiteco Indus., Inc.*, 17 F.3d 199, 201 & n.3 (7th Cir. 1994). The party opposing a summary judgment motion bears an affirmative burden of presenting evidence that a disputed issue of material fact exists. *See Wollin*, 192 F.3d at 621; *Gonzalez v. Ingersoll Milling Mach. Co.*, 133 F.3d 1025, 1031 (7th Cir. 1998); *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586-87 (1986); *Scherer v. Rockwell Int'l Corp.*, 975 F.2d 356, 360 (7th Cir. 1992). In considering a summary judgment motion, a court must draw all

reasonable inferences "in the light most favorable" to the opposing party. *Wollin*, 192 F.3d at 621. If a reasonable trier of fact could find for the opposing party, then summary judgment is inappropriate. *See Shields Enters., Inc. v. First Chi. Corp.*, 975 F.2d 1290, 1294 (7th Cir. 1992).

### III.  DISCUSSION

In moving for summary judgment, AFC relies on the Guaranty, as well as Indiana's Victims of Crime Statute, Indiana Code § 34-24-3-1 ("Victim Statute").

#### A.  HUGHES' LIABILITY UNDER THE GUARANTY

According to a choice-of-law provision in the Guaranty, Indiana law governs this matter. Compl. Ex. 3.  Both Missouri, the state where the Guaranty was executed, and Indiana enforce choice-of-law provisions. *See Consolidated Financial Investments, Inc. v. Manion*, 948 S.W.2d 222, 224 (Mo. Ct. App. 1997) (recognizing the right of parties to choose the state whose law will govern the interpretation of their contractual rights and duties); *Allen v. Great American Reserve Ins. Co.*, 766 N.E.2d 1157, 1162 (Ind. 2002) ("Indiana choice of law doctrine favors contractual stipulations as to governing law.").  Therefore, the Court applies Indiana law.

Under Indiana law, the rules governing the interpretation of contracts generally apply to the interpretation of guaranties. *See Kordick v. Merchants Nat'l Bank & Trust Co. of Indianapolis*, 496 N.E.2d 119, 123 (Ind. Ct. App. 1986).  The extent of a guarantor's liability is determined by the terms of the guaranty agreement. *See id.*  "The terms of a guaranty should neither be so narrowly interpreted as to frustrate the obvious intent of the parties, nor so loosely interpreted as to relieve the guarantor of a liability fairly within its terms." *Id.*  "In construing a guaranty, a court must give

effect to the intentions of the parties, which are to be ascertained from the language of the contract in light of the surrounding circumstances." *Noble Roman's Inc. v. Ward*, 760 N.E.2d 1132, 1138 (Ind. Ct. App. 2002) (citing *Loudermilk v. Casey*, 441 N.E.2d 1379, 1383 (Ind. Ct. App. 1982)). Furthermore, "[i]n the absence of ambiguity, construction of a guaranty is a question of law." *Loudermilk*, 441 N.E.2d at 1383.

Even considering all of the evidence in light most favorable to Hughes, he cannot survive summary judgment. The only evidence submitted to the Court includes the Note, the Guaranty, Cohen's affidavit, and an affidavit from AFC's attorney's attesting to AFC's legal expenses. The evidence shows that Auto Maxx signed and entered into an agreement whereby they would borrow $100,000.00 from AFC. Compl. Ex. 1, Cohen Aff. ¶ 5. Auto Maxx in turn would pay to AFC, among other things, interest payments at a flexible interest rate. Compl. Ex. 1. Contemporaneous to the Note being executed, Hughes and his son executed the Guaranty, in which Hughes promised to pay AFC the entire unpaid principal balance "together with interest and all costs, expenses and attorneys' fees." Compl. Ex. 3, Cohen Aff. ¶ 7. Auto Maxx defaulted on making payment as provided in the Note. Cohen Aff. ¶ 5. Hughes, then being responsible for the the money owed to AFC under the Guaranty, also defaulted in making payments due under that agreement. Cohen Aff. ¶ 8.

According to Cohen, the entire unpaid principal balance due under the Guaranty equals $91,940.45. Cohen Aff. ¶ 9. The amount of interest that has accrued is $7,674.38, with per diem charges accruing at $40.22 per day. *Id.* Further, Cohen asserts that AFC has incurred miscellaneous vehicle costs in the amount of $29,558.89. *Id.* Moreover, David J. Jurkiewicz (Jurkiewicz), counsel for AFC, has submitted an affidavit asserting that AFC has incurred $912.50 in attorney expenses

4

and $250.00 for administrative costs as of May 18, 2006, and that, based upon the factors set forth in Rule 5.1(a) of the Indiana Rules of Professional Conduct, the amount of $1,162.50 for AFC's legal fees and costs is reasonable. Jurkiewicz Aff. ¶¶ 6-7. In sum, AFC asserts, and has provided evidence, that Hughes is liable to them for $130,336.22.

Hughes, on the other hand, has not argued to the Court that the Guaranty is unenforceable. In fact, Hughes has not responded to this Motion at all, and has not presented evidence that any of AFC's assertions are disputed facts that should be left to a jury. Therefore, the Court finds that Hughes has not met his affirmative burden of presenting evidence that a disputed issue of material fact exists. *See Wollin*, 192 F.3d at 621. Summary judgment is thus warranted, entitling AFC to a judgment of $130,336.22.

### B. HUGHES' LIABILITY UNDER THE VICTIM STATUTE

AFC also contends that Hughes is liable under the Victim Statute. To maintain an action under the Victim Statute, a party must prove by a preponderance of the evidence that the defendant committed one of the predicate criminal offenses enumerated in the statute. *See Shrypek v. St. Joseph Valley Bank*, 469 N.E.2d 119, 123 (Ind. Ct. App. 1986). "[A]ll elements of the alleged criminal act must be proven by the claimant." *Gilliana v. Paniaguas*, 708 N.E.2d 895, 899 (Ind. Ct. App. 1999). AFC alleges that Hughes committed deception and fraud, two of the enumerated crimes in the statute. *See* IND. CODE § 34-24-3-1 (2003). Under Indiana Code Section 35-43-5-3(a),

> A person who . . . (3) misapplies entrusted property, property of a governmental entity, or property of a credit institution in a manner that the person knows is unlawful or that the person knows involves substantial risk of loss or detriment to either the owner of the property or to a person for whose benefit the property was entrusted . . . commits deception, a Class A misdemeanor.

5

Under Indiana Code Section 35-43-5-4, "[a] person who . . . (8) with intent to defraud the person's creditor or purchaser, conceals, encumbers, or transfers property . . . commits fraud, a Class D felony."

In asserting that Hughes has committed both deception and fraud, AFC relies on a single paragraph in Cohen's affidavit which reads: "[a] lot inventory showed that Mr. Hughes had sold vehicles without tendering the proceeds to AFC as required under the Note." Cohen Aff. ¶ 10. AFC points to no other evidence to prove that Hughes committed these two crimes. Specifically, AFC offers no evidence to prove that Hughes had the requisite knowledge of "substantial risk of loss or detriment" as required by the deception statute, or the requisite "intent to defraud" as required by the fraud statute. IND. CODE §§ 35-43-5-3, 5-4 (2003). Without proof on all elements of an alleged criminal act, AFC's Motion for Summary Judgment on its Victim Statute claim must be denied.

Moreover, without such evidence, the Court questions the need to proceed to trial on this claim if AFC cannot prove the necessary elements of the alleged crimes. Therefore, the Court orders AFC to show cause within 30 days why the Court should not dismiss this claim with prejudice.

## IV.  CONCLUSION

For the reasons stated herein, plaintiff's Motion for Summary Judgment pursuant to Rule 56(c) is **GRANTED in part and DENIED in part**.  The Court **ORDERS** AFC to show cause within 30 days why the Court should not dismiss this claim with prejudice.

IT IS SO ORDERED this 14th day of July, 2006.

```
                                   _____
                                   LARRY J. McKINNEY, CHIEF JUDGE
                                   United States District Court
                                   Southern District of Indiana
```

Distributed electronically to:

Steven D. Groth
BOSE MCKINNEY & EVANS
sgroth@boselaw.com

David J. Jurkiewicz
BOSE MCKINNEY & EVANS, LLP
djurkiewicz@boselaw.com

Distributed via U.S. Postal Service to:

DARRELL G. HUGHES
294 South Farm Road 197
Springfield, MO 65809